### REISS *et al. v.* NEW YORK STEAM CO.

*(Superior Court of New York City, General Term.    January 5, 1891.)*

INTEREST—DAMAGES TO PERSONALTY.

In an action for damages to personal property, caused by negligence, plaintiff is not entitled, as matter of law, to interest on the amount of the damage, although the jury may add interest, if necessary to full compensation.

Appeal from jury term.

Action by Solomon Reiss, Sigmund Brady, and Baruch Wolff against the New York Steam Company.    Defendant appeals from a judgment for plaintiffs, entered on the verdict of a jury, and from an order denying a motion for a new trial.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

*James W. Hawes*, for appellant.  *Stern & Myers*, for respondents.

PER CURIAM.   An examination of the case shows that there was no error on the trial, unless in one respect, that will be considered.   The action was for damages for injuries to the personal property of plaintiff, caused by the negligence of defendants.   The learned judge charged the jury that if the plaintiffs were entitled to recover anything they were entitled to recover interest on the amount of damages that the jury allowed.   In actions of this kind for the recovery of damages for injuries to personal property the plaintiff is not entitled absolutely and as matter of law to recover interest upon the amount of the damage immediately caused by the negligence, but the jury, in assessing the damages, should add interest, if in their judgment that be necessary to give full compensation.   *Mairs* v. *Association*, 89 N. Y. 507, and cases there cited.   The charge, as made, was not excepted to, but the defendant's counsel, at the end of the charge, said that he excepted to that part of the charge which instructs the jury that if the plaintiffs recover they may be entitled to recover interest on the damages.   If such had been the charge, it would have been correct, for it is true there may be a recovery for interest, if that be necessary for indemnity or compensation, and the form of the exception diverted the attention of the judge from the doubtful or incorrect part of the charge.   Therefore the exception would not require the reversal of the judgment.   Nevertheless it cannot be affirmed that interest was given as compensation, not as matter of law; and, lest injustice may have been done, the judgment should not be upheld so far as the interest.   The judgment should therefore be reversed, with costs to abide the event, and a new trial ordered, unless the plaintiffs stipulate (*De Carricarti* v. *Blanco*, 121 N. Y. 233, 24 N. E. Rep. 284) that the verdict be reduced by deducting from its amount such part of it as represents interest from January 1, 1888, and judgment be correspondingly modified, and in that case the judgment, as modified, is affirmed, without costs of appeal.